IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

D. MARIA SCHMIDT, as Personal
Representative for the Wrongful Death
Estate of Harrison Yazzie, Deceased,

    Plaintiff,

v.

GENERAL MOTORS LLC and ASHTON
BEGAY,

    Defendants.

Case No.: 1:17-cv-01238

## GENERAL MOTORS LLC'S NOTICE OF REMOVAL

Defendant General Motors LLC ("New GM") removes this action from the First Judicial District Court, Santa Fe, New Mexico, to the United States District Court for the District of New Mexico, pursuant to 28 U.S.C. §§ 1441 and 1452, Bankruptcy Rule 9027, and based on the following facts:

### BACKGROUND

1.    On November 14, 2017, New GM was served with a Summons and Complaint in an action styled *D. Maria Schmidt, as Personal Representative for the Wrongful Death Estate of Harrison Yazzie, Deceased v. General Motors LLC and Ashton Begay*, Docket No. D-101-CV-2017-02923, filed October 17, 2017, in the First Judicial District Court of Santa Fe, New Mexico (the "Action").

2.    This Action arises out of a two-vehicle accident that allegedly occurred on October 18, 2014, when Plaintiff's decedent Harrison Yazzie was in the front right passenger seat of a 2001 Chevrolet Malibu operated by co-defendant Ashton Begay. Specifically, the Complaint alleges that the 2001 Chevrolet Malibu "crossed the median of a divided highway and

1

collided with the front end of another vehicle." Compl. ¶ 8. The Complaint further claims the 2001 Chevrolet Malibu's airbags did not deploy. *Id.* Plaintiff contends that the ignition switch in the 2001 Chevrolet Malibu was defective and unreasonably dangerous, and that the accident and her damages were proximately caused by the defective ignition switch. Compl. ¶¶ 8, 11, 17.

3. Plaintiff seeks recovery from New GM for personal injuries under theories of strict liability, negligence, fraudulent misrepresentation/concealment, and breach of warranty. *Id.* ¶¶ 92–120.

4. On March 25, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL 2543, *In re: General Motors LLC Ignition Switch Litigation*. Subsequently, on June 9, 2014, the JPML designated the United States District Court for the Southern District of New York as the MDL Court and assigned the Honorable Jesse M. Furman to conduct coordinated or consolidated proceedings in the Ignition Switch Actions. *In re Gen. Motors LLC Ignition Switch Litig.*, MDL No. 2543, ECF No. 266 (J.P.M.L. June 9, 2014), attached as Exhibit A. The JPML transferred an initial group of fifteen actions pending in six federal districts to the Southern District of New York after concluding that it was "undisputed" that cases alleging a defect in the vehicle ignition switch of certain New GM vehicles satisfied the requirements for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. *Id.* at 2.

5. This Action is one of more than 350 actions (the "Ignition Switch Actions") filed in, or removed to, federal court since February 2014 that assert factual allegations involving allegedly defective ignition switches, including the Chevrolet Malibu. The Ignition Switch Actions have been brought in at least 38 federal district courts, including in Alabama, Arizona, Arkansas, California, Colorado, the District of Columbia, Florida, Georgia, Illinois, Indiana,

Kentucky, Louisiana, Massachusetts, Michigan, Mississippi, Missouri, New Jersey, New York, Ohio, Oklahoma, Pennsylvania, and Texas. *See generally* MDL No. 2543, *e.g.,* ECF Nos. 993, 1055, 1132, attached as Exhibit B: *Byrd v. General Motors LLC*, 16-cv-00316 (S.D.N.Y.) (asserting wrongful death claims involving a 2000 Chevrolet Malibu); *Cacioppo v. General Motors LLC*, 17-cv-01345 (S.D.N.Y.) (asserting personal injury claims involving a 2003 Chevrolet Malibu); *Cortes v. General Motors LLC*, 16-cv-11872 (S.D.N.Y.) (asserting personal injury claims involving a 2000 Chevrolet Malibu).

6. As soon as the Clerk assigns this case a docket number, New GM will notify the JPML that this case is a tag-along action pursuant to Panel Rule 7.1. Because the ignition switch allegations in this case share "one or more common questions of fact" with the other Ignition Switch Actions, this case is appropriate for MDL transfer and consolidation with the other Ignition Switch Actions pending in the Southern District of New York. *See* 28 U.S.C. § 1407(a).

## BASIS FOR REMOVAL

7. This Action is properly removable because it is a civil proceeding that (i) arises under 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"); (ii) arises in a case under the Bankruptcy Code; and/or (iii) is related to a case under the Bankruptcy Code. This Court thus has jurisdiction pursuant to 28 U.S.C. §§ 157(b), 1331, and 1334(b), and removal to this Court is proper under 28 U.S.C. §§ 1452(a), as well as Rule 9027 of the Federal Rules of Bankruptcy Procedure.

8. On June 1, 2009, Motors Liquidation Company, f/k/a General Motors Corporation ("Old GM") filed a petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("New York Bankruptcy Court").

9. On July 5, 2009, the New York Bankruptcy Court issued an order ("Sale Order and Injunction") approving the sale ("363 Sale") of substantially all of Old GM's assets to the predecessor of New GM. The sale of assets was free and clear of all liens, claims, and encumbrances, except for certain limited exceptions. *See* Sale Order and Injunction, attached as Exhibit C ¶ 7. The 363 Sale was consummated on July 10, 2009. Ultimately, New GM was transferred certain Old GM's assets and also assumed certain limited liabilities, as described in the Sale Order and Injunction and Amended and Restated Master Sale and Purchase Agreement ("Sale Agreement").

10. The terms of the Sale Order and Injunction, and the Sale Agreement that it approved, limits New GM's liabilities relating to vehicles and parts sold by Old GM. *See* Exhibit C ¶¶ 44-45; *see also In re Gen. Motors Corp.*, 407 B.R. 463, 481 (Bankr. S.D.N.Y. 2009), *aff'd sub nom., In re Motors Liquidation Co.*, 428 B.R. 43 (S.D.N.Y. 2010), and 430 B.R. 65 (S.D.N.Y. 2010).[1]

11. The New York Bankruptcy Court reserved exclusive and continuing jurisdiction to enforce the injunction set forth in the Sale Order and Injunction and to address and resolve all controversies concerning the interpretation and enforcement of the Sale Order and Injunction. *Id.*

---

[1] New GM's obligations under the Sale Order and Injunction have been the subject of ongoing proceedings in the New York Bankruptcy Court, the U.S. District Court for the Southern District of New York ("New York District Court"), the United States Second Circuit Court of Appeals, and the United States Supreme Court. *See In re Motors Liquidation Co.*, 829 F.3d 135 (2d Cir. 2016) ("Second Circuit Opinion"); Judgment entered by the New York Bankruptcy Court, dated June 1, 2015 (Bankr. Dkt. No. 13177) ("June 2015 Judgment"), *In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y 2015), and Judgment entered by the New York Bankruptcy Court, dated December 4, 2015 (Bankr. Dkt. No. 13563) ("December 2015 Judgment"). The New York Bankruptcy Court's June 2015 Judgment was affirmed in part, reversed in part, and remanded in part by the Second Circuit. There are ongoing proceedings in the New York Bankruptcy Court and the New York District Court related to a series of issues arising from the Second Circuit opinion. *See Order To Show Cause Regarding Certain Issues Arising From Lawsuits With Claims Asserted Against General Motors LLC ("New GM") That Involve Vehicles Manufactured By General Motors Corporation ("Old GM")*, entered by the New York Bankruptcy Court on December 13, 2016 (Bankr. Dkt. No. 13802). A portion of the New York Bankruptcy Court's December 2015 Judgment is currently on appeal to the New York District Court. It is undisputed that the New York Bankruptcy Court retains jurisdiction to interpret and enforce the Sale Order and Injunction.

¶ 71. Old GM's bankruptcy case is still pending in the New York Bankruptcy Court and that Court has previously exercised its exclusive and continuing jurisdiction to enforce the Sale Order and Injunction to actions filed against New GM, including cases based on alleged defects in Old GM vehicles. *See Trusky v. Gen. Motors Co. (In re Motors Liquidation Co.)*, Adv. No. 12-09803, 2013 Bankr. LEXIS 620 (Bankr. S.D.N.Y. Feb. 19, 2013); *Castillo v. Gen. Motors Co.(In re Motors Liquidation Co.)*, Adv. No. 09-00509, 2012 Bankr. LEXIS 1688 (Bankr. S.D.N.Y. Apr. 17, 2012), *aff'd*, 500 B.R. 333 (S.D.N.Y. 2013); *see also In re Motors Liquidation Co.*, 2011 WL 6119664 (Bankr. S.D.N.Y. 2010).

12.     Under 28 U.S.C. §§ 157(b) and 1334(b), the New York Bankruptcy Court had core jurisdiction to approve the 363 Sale and enter the Sale Order and Injunction. Thus, the determination of this Action, which involves the resolution of disputes concerning the Sale Agreement and the Sale Order and Injunction, and the Bankruptcy Code necessarily invokes the jurisdiction of the New York Bankruptcy Court. *See In re Hereford Biofuels, L.P.*, 466 B.R. 841, 844 (Bankr. N.D. Tex. 2012) (post-confirmation dispute regarding interpretation and enforcement of a sale transaction approved by the Bankruptcy Court was a core proceeding); *Luan Investment S.E. v. Franklin 145 Corp.*, 304 F.3d 223, 229-30 (2d Cir. 2002) (disputes concerning sale transaction approved by the Bankruptcy Court fall within "core" jurisdiction); *In re Eveleth Mines, LLC*, 312 B.R. 634, 644-45 and n.14 (Bankr. D. Minn. 2004) ("A purchaser that relies on the terms of a bankruptcy court's order, and whose title and rights are given life by that order, should have a forum in the issuing court.").

13.     Plaintiff's claims in this Action relate to a vehicle manufactured by Old GM, seek to hold New GM liable for Old GM conduct, and assert a claim for punitive damages based in whole or in part on the conduct of Old GM. *See* Compl. ¶¶ 11 and 130. New GM, however, did

*not* assume claims for punitive damages based on the conduct of Old GM.  *See* Sale Agreement, § 2.3(b)(ix); December 2015 Judgment, ¶ 6 ("New GM did not contractually assume liability for punitive damages from Old GM.  Nor is New GM liable for punitive damages based on Old GM conduct under any other theories, such as by operation of law.  Therefore, punitive damages may not be premised on Old GM knowledge or conduct, or anything else that took place at Old GM."); *In re Motors Liquidation Co.*, 571 B.R. 565, 580 (Bankr. S.D.N.Y. 2017) ("…Post-Closing Accident Plaintiffs may not assert claims against New GM for punitive damages based on the conduct of Old GM.").

14. In addition, the Complaint contains allegations that require interpretation and application of the New York Bankruptcy Court's definition of independent claims because, among other things, the Complaint alleges that New GM manufactured or designed the Old GM vehicle, or performed other actions relating to the Old GM vehicle before the closing of the 363 Sale.  *See* December 2015 Judgment, ¶ 18.

15. The Complaint also contains a "fraudulent misrepresentation/fraudulent concealment" claim, which is based, at least in part, on Old GM Conduct.  Such claim also requires interpretation of the Sale Order and Injunction and the New York Bankruptcy Court's December 2015 Judgment, which provides that "[c]laims with respect to Old GM Vehicles that are based on fraud (including, but not limited to, actual fraud, constructive fraud, fraudulent concealment, fraudulent misrepresentation, or negligent misrepresentation) or consumer protection statutes are not included within the definition of Product Liabilities, and therefore do not constitute Assumed Liabilities . . . ."  *See id.*, ¶ 19.

16. The New York Bankruptcy Court has exercised "gatekeeping" jurisdiction with respect to plaintiffs who (i) are not asserting claims arising from Subject Vehicles with the

Ignition Switch Defect (both as defined by federal cases), (ii) are seeking punitive damages against New GM in violation of the Sale Order and Injunction, and (iii) are asserting other substantive claims not solely based on the conduct of New GM.  In fact, the New York Bankruptcy Court has stated that it is the "gatekeeper" that will decide what allegations, claims and requests for damages get through the bankruptcy "gate." *In re Motors Liquidation Co.*, 586 B.R. 217, 222 (Bankr. S.D.N.Y. 2017) ("'The Court's role, then, is a 'gatekeeper' role. It should be the court to decide what claims and allegations should get through the 'gate,' under the Sale Order' and this Court's prior decisions." (quoting *In re Motors Liquidation Co.*, 541 B.R. 104, 112 (Bankr. S.D.N.Y. 2015))).

17.     The Complaint in this matter necessarily requires judicial construction and/or interpretation of the Sale Agreement, the Sale Order and Injunction, and federal court rulings.

18.     This case is fundamentally different than the *Synott v. General Motors LLC*, 14-md-2543 (JMF) case.  In Judge Furman's *Opinion and Order*, dated November 9, 2017 [MDL ECF No. 4797], the court found that the lawsuit would be remanded because (i) the Second Circuit Opinion allowed the *Synott* plaintiff's lawsuit (involving a Cobalt-Ion vehicle) to proceed against New GM "despite the 'free and clear' provisions in the Sale Order" (*id.* at 6), and (ii) the New York Bankruptcy Court had settled the question about whether plaintiffs could pursue punitive damages against New GM based on Old GM conduct (the plaintiff in *Synott* sought punitive damages in violation of settled precedent, but represented that she would amend her Complaint to strike her punitive damages request upon remand) (*id.* at 6-7).[2]  In contrast, Plaintiff's lawsuit here is not governed by the Second Circuit Opinion because the subject vehicle was not subject to the Ignition Switch recalls that were at issue in the Second Circuit

---

[2]     The New York Bankruptcy Court's punitive damages ruling is currently the subject of two appeals pending in the United States District Court for the Southern District of New York.  *See* Case Nos. 1:17-cv-06088-JMF (S.D.N.Y.), 1:17-cv-08294-JMF (S.D.N.Y.)

Opinion and Plaintiff has not demonstrated a due process violation with respect to the 363 Sale, and therefore remains fully bound by the Sale Order and Injunction and Sale Agreement. In addition, Plaintiff is seeking punitive damages against New GM based on Old GM conduct, and has not agreed to strike such request from her Complaint. Further, the Complaint contains claims and allegations that require interpretation of the Sale Order and Injunction, the Sale Agreement, and other New York Bankruptcy Court rulings. Thus, the *Synott* ruling does not apply here. Accordingly, the Action implicates the New York Bankruptcy Court's core, related to and exclusive jurisdiction, and is therefore removable to this Court under 28 U.S.C. §§ 1452(a) and Bankruptcy Rule 9027.

### VENUE

19.     The United States District Court for the District of New Mexico is the United States District Court embracing the First Judicial District Court of Santa Fe, New Mexico, where this action was filed and is pending. *See* 28 U.S.C. § 94(b)(1). Therefore, venue of this removed action is proper in this Court.

### CONSENT

20.     "Only defendants against whom a claim [arising under the Constitution, laws, or treaties of the United States] has been asserted are required to join in or consent to" removal pursuant to federal question jurisdiction. 28 U.S.C. § 1441(c)(2). The consent of defendant Ashton Begay is not necessary, as there are no claims against him that invoke federal question jurisdiction.

### NOTICE TO THE STATE COURT

21.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties and filed with the First Judicial District Court of Santa Fe, New Mexico.

## STATE COURT FILINGS

22. New GM files herewith as <u>Exhibit D</u> copies of all process served upon it in this Action as part of this Notice, such being the Summons and Complaint.

WHEREFORE, Defendant General Motors LLC respectfully requests that this Action in the First Judicial District Court of Santa Fe, New Mexico, be removed to this Court, and that no further proceedings be had in the New Mexico state court.

**SUBMITTED:**

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By  <u>/s/ *Patrick M. Shay*</u>
      Patrick M. Shay
      Taylor Zangara
P.O. Box 1888
Albuquerque, NM 87102
Tel: (505) 765-5900


HARTLINE DACUS BARGER DREYER LLP
      Thomas G. Jacks
      Reid T. Hudgins
8750 N. Central Expy. Suite 1600
Dallas, Texas 75231
O: (214) 346-3725 / Fax: (214) 267-4225


*ATTORNEYS FOR DEFENDANT GENERAL MOTORS LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of December, 2017, I filed the foregoing electronically, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

John Black
Black Law Group PLLC
2404 Dunlavy St.
Houston, Texas 77006
(713) 481-1280 (Telephone)
(713) 481-8124 (Fax)
jblack@blacklawgrouppllc.com
*Attorneys for Plaintiffs*


RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By  */s/ Patrick M. Shay*
        Patrick M. Shay
        Taylor C. Zangara